SUTTON & COLLIER *v.* KESTERSON.

4-5667                                    133 S. W. 2d 450

Opinion delivered November 20, 1939.

*John P. Vesey,* for appellant.

*J. M. Jackson,* for appellee.

MEHAFFY, J. This action was instituted in the justice of the peace court in Howard county, the appellee filing a complaint alleging that he and Floyd Tolleson are residents of Howard county, and that Sutton & Collier is a partnership dealing in livestock at Hope, Hempstead county, Arkansas; that Floyd Tolleson was the authorized agent of Sutton & Collier, buying livestock for them and drawing drafts on them in payment thereof; that on October 25, 1937, the defendants became indebted to the plaintiff in the sum of $160, evidenced by draft on the First National Bank and due on demand; that said draft was duly presented for payment; payment refused by the bank, and the draft returned to plaintiff with the notation thereon: "No sufficient funds." Payment has often been demanded of defendants, and they have refused to pay; that the indebtedness of $160 is long past due, is just, correct and wholly unpaid, and that he is entitled to

a judgment against the defendants and each of them for $160 with interest.

Tolleson and Sutton & Collier were made defendants. There was a judgment in the justice of the peace court in favor of Kesterson, and an appeal prosecuted to the circuit court by Sutton & Collier. Sutton & Collier is a firm composed of C. H. Sutton and J. A. Collier. Sutton & Collier operate a livestock auction sales barn at Hope, Arkansas, at which livestock is sold every Tuesday. Sutton & Collier charge a commission for the sale of livestock to the individual or person selling the stock.

There was a verdict and judgment for the appellee in the sum of $160, with interest. The case is here on appeal.

The appellee, Kesterson, and Floyd Tolleson, are residents of Howard county, Arkansas, and Sutton & Collier is a firm composed of C. H. Sutton and J. A. Collier, dealing in livestock at Hope, Hempstead county, Arkansas. Floyd Tolleson was the agent of Sutton & Collier for buying livestock and drawing drafts on them to pay for the stock bought. In October, 1937, Tolleson bought eight head of cattle from the appellee for Sutton & Collier and gave them a draft for $160. This draft was not paid. The cattle were shipped to Sutton & Collier, and they sold them and received the money.

It is first contended by appellants that instruction No. 1 given by the court was erroneous. They object, because it states that Tolleson was an authorized agent, which they deny, but even then that it would not necessarily follow that he would be authorized to issue a draft or sign the name of Sutton & Collier to the draft, and that it would not necessarily follow that he had unlimited authority to draw on Sutton & Collier by means of draft, and that said draft would be paid. They then cite numbers of authorities supporting the proposition that an authorized agent of a principal does not necessarily have the authority to indorse checks or draw drafts.

C. H. Sutton, one of appellants, testified that he was a partner with Mr. Collier, and that they were engaged

in the stock business at Hope; that they had an agreement with Mr. Tolleson that he would buy cattle for them and draw on them for the money; that they had an understanding with Mr. Tolleson that if he bought and drew a draft on them, brought the cattle, and they were worth the money, appellants would pay the draft.

It, therefore, appears from the testimony of the appellants that Tolleson was their agent to buy cattle, and was authorized to draw drafts. Other evidence shows that they not only authorized him to draw drafts, but went with him to the bank, got a book of drafts, and showed him how to make them out.

The instruction given by the court was not erroneous, as contended by appellants, but appellants' own testimony shows that it was proper.

It is then contended that the court erred in its refusal to instruct a verdict for appellants because, under § 10284 of Pope's Digest defining a bill of exchange, the drawee is not liable, unless he accepts the same, and it is argued that Sutton & Collier did not accept this.

This suit was not based on the draft. The complaint alleged the agency of Tolleson, the purchase of the cattle, and the drawing of the draft and the refusal of appellants to pay.

The undisputed evidence, however, shows that the cattle were purchased by appellants' agent, and that appellants actually received the cattle, sold them, and received pay for them, and that they have never paid the appellee. Therefore, if the appellants had not been liable on the draft, still, since the undisputed proof shows that they received the cattle and sold them and received the money for them, they would be liable to Kesterson for the amount.

We find no error, and the judgment is affirmed.